UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIVE SONGBIRD CARE AND CONSERVATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VICTOR MENDEZ, et al.,<br><br>    Defendants. | Case No. 13-cv-02265-JST<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A SUMMARY JUDGMENT MOTION**<br><br>Re: ECF No. 83 |

Plaintiffs seek to file a motion this month seeking summary judgment that, *inter alia*, the Federal Defendants should be compelled, pursuant to 5 U.S.C. § 706(1), to prepare a Supplemental Environmental Impact Statement ("SEIS"). Motion for Leave to File Summary Judgment Motion, ECF No. 83. Federal Defendants have now represented to this Court that, by the first week of December, they will have completed a reevaluation, pursuant to 23 C.F.R. § 771.130, determining whether or not a SEIS is necessary. Declaration of Lanh T. Phan ¶ 8, ECF No. 91-1.

Obviously, it will moot the relief Plaintiffs seek in their proposed summary judgment motion if the agencies determine that a SEIS is necessary. But even in the event that the agencies determine no SEIS is required, Defendants are likely to make strong arguments that the issuance of the reevaluation will significantly change the review the Court is called upon to undertake. In Plaintiffs' cited authority, NEPA's reevaluation mandate "require[s] an agency to take a 'hard look' at the new information to assess whether supplementation might be necessary." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 73 (2004) (citing Marsh v. Or. Nat. Resources Council, 490 U.S. 360, 385 (1985)); see also N. Idaho Cmty. Action Network v. U.S. Dep't of Transp., 545 F.3d 1147, 1155 (9th Cir. 2008) (quoting Friends of the Clearwater v. Dombeck, 222 F.3d 552, 558 (9th Cir.2000) ("When new information comes to light the agency must consider it, evaluate

it, and make a reasoned determination whether it is of such significance as to require [a supplemental EIS].")

Issuance of the reevaluation has the potential to have a sufficiently significant impact on the issues the Court is called upon to address that it will be a poor use of judicial resources, and potentially prejudicial to Defendants, to begin briefing the issue now. Plaintiffs cite no case in which a court compelled preparation of a SEIS while an agency was still in the process of conducting a regulatory review of whether one was necessary. (There might well be cases in which unreasonable delay calls for such action, but Plaintiffs have clarified that they do not argue pursuant to Section 706(1) that the reevaluation itself should be compelled as unreasonably withheld.)

Plaintiffs are free to argue that a SEIS is compelled regardless of the contents of the reevaluation, but they will not be prejudiced by doing so after the reevaluation issues. The same is true of the claims Plaintiffs bring under their first and third theories. See Order at ECF No. 82, at 3:28-4:11. Therefore, the Court hereby DENIES the currently pending request to file the summary judgment motion. Plaintiffs may file for summary judgment after December 6.

The Court notes that it does not agree with the Federal Defendants that the Court must build time into the schedule to permit the amendment of the complaint and the filing of responsive pleadings. It appears to the Court that paragraph 125 of the first amended complaint would encompass a challenge to any final determination not to prepare a SEIS. Moreover, at least on some authority, see Dombeck, 222 F.3d at 560, a challenge to a reevaluation is cognizable under 5 U.S.C. § 706(1), and in any case it appears that the Plaintiffs' § 706(1) challenge is substantively similar to the one under § 706(2). Defendants may file any responsive pleading concurrently with their response to Plaintiffs' motion for summary judgment, and will presumably make the same arguments in opposition that they would otherwise have made in a motion to dismiss.

The Court will adopt a schedule at the November 13 Case Management Conference that will permit the Court to adjudicate this dispute, and determine the appropriate remedy for any violation, by the end of February. The parties shall come to the conference prepared with scheduling proposals that accomplish this goal. In their proposal(s), the parties may propose the

modest shortening of the time periods required in the Federal and Local Rules, and may also propose a hearing date and time that does not fall on the Court's normal hearing day, if the date is available on the Court's schedule. If the parties cannot agree on a joint proposal, the parties can submit competing proposals and the Court will choose the one proposal that appears most reasonable. As always, any proposal made to the Court must be the subject of serious meet and confer efforts.

The Court also expects the parties to come to the conference prepared to discuss proposals for alternative dispute resolution, and will consider ordering the parties to conduct mediation or other ADR of this dispute in the near future.

**IT IS SO ORDERED.**

Dated: November 7, 2013

_____
JON S. TIGAR
United States District Judge