FILED

JAN 29 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIVE SONGBIRD CARE AND CONSERVATION; VERONICA BOWERS; MADRONE AUDUBON SOCIETY; CENTER FOR BIOLOGICAL DIVERSITY; MARIN AUDUBON SOCIETY; and GOLDEN GATE AUDUBON SOCIETY, <br><br> Plaintiffs, <br><br> v. <br><br> VINCENT FOXX; VICTOR MENDEZ; and MALCOLM DOUGHERTY, <br><br> Defendants. | CASE NO. 3:13-cv-02265 JST |

## STIPULATION OF DISMISSAL OF STATE DEFENDANT AND ~~PROPOSED~~ ORDER

Pursuant to Fed. R. Civ. P. 41 and the Settlement Agreement signed on behalf of Plaintiffs and Defendant Malcolm Dougherty ("State Defendant") on January 16, 2014, *see* Exhibit A, Plaintiffs and the State Defendant hereby stipulate to the dismissal of the State Defendant from this case with prejudice. As between Plaintiffs and State Defendant, the Parties shall bear their own attorneys' fees, costs, and expenses for all time and expenses incurred in this case. Plaintiffs and State Defendant stipulate that the Court shall retain jurisdiction over the State Defendant solely to resolve disputes arising under, and to enforce, the Settlement Agreement in accordance with its terms.

Respectfully submitted,

_____   Jan. 28, 2014
Daniel Lutz (*pro hac vice*)
Carter Dillard
Animal Legal Defense Fund
170 E. Cotati Ave.
Cotati, CA 94931
Phone: 707.795.2533
dlutz@aldf.org
cdillard@aldf.org

Eric Glitzenstein (*pro hac vice*)
William Eubanks II (*pro hac vice*)
Meyer Glitzenstein & Crystal
1601 Connecticut Ave NW, Suite 700
Washington, DC 20009
eglitzenstein@meyerglitz.com
beubanks@meyerglitz.com

*Attorneys for Plaintiffs*

_____   January 27, 2014
RONALD W. BEALS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
LUCILLE Y. BACA, Assistant Chief Counsel (SBN 136282)
JANET WONG (SBN 124272)
STACY LAU (SBN 254507)
595 Market Street, Suite 1700, San Francisco, CA 94105
Telephone: (415) 904-5700, Facsimile: (415) 904-2333
janet_wong@dot.ca.gov

*Attorneys for Defendant MALCOLM DOUGHERTY*

SO ORDERED:

_____   Jan. 29, 2014
U.S. District Judge

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIVE SONGBIRD CARE AND CONSERVATION; VERONICA BOWERS; MADRONE AUDUBON SOCIETY; CENTER FOR BIOLOGICAL DIVERSITY; MARIN AUDUBON SOCIETY; and GOLDEN GATE AUDUBON SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>VINCENT FOXX, AS SECRETARY OF THE U.S. DEPARTMENT OF TRANSPORTATION; GREG NADEAU, AS ACTING ADMINISTRATOR OF THE FEDERAL HIGHWAY ADMINISTRATION; and MALCOLM DOUGHERTY, AS DIRECTOR OF CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>Defendants. | CASE NO. 3:13-cv-02265 JST |

**STIPULATION AND SETTLEMENT AGREEMENT**

WHEREAS Plaintiffs Native Songbird Care & Conservation ("Native Songbird"), Veronica Bowers, Madrone Audubon Society, Center for Biological Diversity, Marin Audubon Society and Golden Gate Audubon Society (collectively "Plaintiffs") commenced this action against Defendants Ray LaHood (replaced by Vincent Foxx as Secretary of U.S. Department of Transportation), Victor Mendez, Administrator of the Federal Highway Administration (replaced by Greg Nadeau, Acting Administrator of the Federal Highway Administration), and Malcolm Dougherty, Director of the California

Department of Transportation ("Caltrans"), [collectively "Defendants"] by Complaint filed on May 17, 2013, and amended July 26, 2013;

WHEREAS Plaintiffs filed the above-captioned action ("Subject Litigation") under the federal National Environmental Policy Act ("NEPA") and other stated statutes, in relation to Cliff Swallow mortalities that occurred in 2013 at the Petaluma River Bridge ("PR Bridge") and Lakeville Overpass ("LO Bridge") (collectively "the Bridges") of the Marin-Sonoma Narrows HOV Widening project ("MSN project");

WHEREAS Defendants deny Plaintiffs' allegations;

WHEREAS, pursuant to the Court's November 17, 2013 Order Referring Case to Mediation, Plaintiffs and Defendants (collectively "the Parties") have engaged in mediation;

WHEREAS, the Parties, through their authorized representatives, and without any admission or final adjudication of issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that the Parties consider a just, adequate and equitable resolution of the dispute;

WHEREAS all Parties agree that settlement of this action is an acceptable and appropriate method to resolve the dispute between them; and

WHEREAS all Parties hereby enter into this Stipulation and Settlement Agreement ("Agreement");

THE PARTIES THEREFORE AGREE AS FOLLOWS:

**Terms to Take Effect Immediately and Subsequently as Specified Herein**

1. Caltrans shall refrain from demolition of existing bridge structures at the Bridges during the Cliff Swallow nesting season, specifically defined in the California Department of Fish and Wildlife Lake and Streambed Alteration Agreement as the dates between February 15 and August 15, for the remainder of the MSN project.

2. Caltrans agrees to use Hard Surface Exclusionary Material ("HSEM") (*e.g.*, plywood or Plexiglas), wherever feasible, for all necessary Cliff Swallow exclusion

at the Bridges, including the areas described in paragraphs 9 and 10. In areas on the Bridges where HSEM cannot be effectively applied (*e.g.*, rounded surfaces, etc.), other, flexible materials will be used (*e.g.*, vinyl, etc.). Exclusionary netting will be applied on the Bridges only as a last resort, after consideration of any other methods which may be proposed by Plaintiffs. Plaintiffs will be notified by Caltrans about the use of exclusionary netting at the Bridges, and will be provided seven (7) days to provide input on other potential measures if netting is being considered at the Bridges. United States Fish and Wildlife Service and California Department of Fish and Wildlife will be informed by Caltrans of any of Plaintiffs' proposals that Caltrans is considering implementing at the Bridges.

      3.     Caltrans will also remove nest starts from the construction area at the Bridges as necessary by scraping and/or water pressure hosing. Nest start removal will occur during daylight hours, except where a nest start is located in an area of the Bridges' structure that can only be accessed at night (*e.g.* it requires a lane closure and/or use of specialized lift equipment over the bridge deck). In areas where Caltrans will perform nest start removal at the Bridges, Caltrans shall do so as often as necessary and as soon as is practicable after a nest start, and will not do so in a manner that injures Cliff Swallows. Biological monitor(s) with appropriate avian expertise to ensure compliance with this paragraph will oversee all nest start removal at the Bridges, and no nighttime nest start removal shall occur without the prior approval of a biologist confirming that there are no birds or eggs in the nest. Caltrans shall not remove or destroy any nest start at the Bridges that contains eggs. Upon Plaintiffs' request, Caltrans will provide Plaintiffs with reasonable access to documentation of nest start removals at the Bridges, to the extent that any such documentation exists. Nothing in this provision shall operate to, or be construed to, impose any obligation on the part of Defendants to create or maintain documentation it would not otherwise have created or maintained in the absence of this provision.

4. Caltrans will provide a staff Project Public Information single point of contact for issues regarding Cliff Swallows at the Bridges during construction, who will be available to respond to Plaintiffs' concerns. Caltrans will provide contact information for this individual (*i.e.*, e-mail address, direct phone number, and emergency cell phone number) for this within two (2) business days after this Agreement is filed with the Court.

5. During and before the 2014 nesting season at the Bridges for the MSN project, Caltrans will meet with Plaintiffs' representatives on specific milestone dates at a safe location with sufficient view of the Bridges to provide information about the exclusionary measures at the Bridges. The milestones are as follows:

    a. Review of Cliff Swallow exclusion methods to be utilized by Caltrans at the Bridges and the areas of bird exclusion before application of the exclusionary material in January or February;

    b. Review of exclusionary measures at the Bridges, once installed, in the second or third week of March, or in April, whichever is preferable to Plaintiffs;

    c. Review of Cliff Swallow nesting and exclusionary methods at the Bridges in the third or fourth week of May, or in April, whichever is preferable to Plaintiffs;

    d. Recap of the construction at the Bridges after the Cliff Swallow nesting season in the first or second week of September.

6. Commencing with the 2015 nesting season and continuing for the remainder of the construction activities at the Bridges, Caltrans and Plaintiffs shall meet prior to each subsequent nesting season, but no later than December 15, for Caltrans to provide an update on planned construction activities and anticipated bird exclusionary measures at the Bridges for the upcoming bird nesting season. Plaintiffs may submit proposals for other bird exclusionary and deterrence measures at the Bridges, including but not limited to proposed construction of alternative bird nesting sites, which will be

considered by Caltrans prior to the bird nesting season. United States Fish and Wildlife Service and California Department of Fish and Wildlife will be informed by Caltrans of any of Plaintiffs' proposals that Caltrans is considering implementing. Caltrans will not arbitrarily reject Plaintiffs' proposals.

7. Caltrans shall provide a one-time lump sum financial contribution of a total of $4,000 to Plaintiffs' organizations (payee being "Madrone Audubon Society") towards community outreach and education about Cliff Swallows. Plaintiffs shall not use any of this financial contribution to create, publish, distribute, or otherwise promulgate any statement or material containing content that is derogatory, critical or otherwise reflects unfavorably upon the Defendants, their employees, agents, or contractors, or any of Defendants' construction projects. Except as specified above, the funds may be expended at Plaintiffs' discretion.

**Terms to be Implemented Before March 1, 2014**

8. Caltrans shall remove all existing exclusionary netting on the Bridges.

9. On the LO Bridge, Caltrans shall apply HSEM on the east side footings and columns facing the construction activity. All other areas of the LO Bridge structure will not have exclusionary material and except as provided for in paragraph 3 above, will remain available for nesting.

10. On the PR Bridge, Caltrans shall apply HSEM on the inside rails and columns of the northbound and southbound decks of the bridge structure, and on four 50-foot sections of each of the outside bridge rails adjacent to the four piers/pier caps installed or being installed during the 2014 nesting season. All other areas of the PR Bridge structure will not have exclusionary material and, except as provided for in paragraph 3 above, will remain available for nesting.

11. Caltrans will provide Plaintiff Native Songbird with information so that it can apply for status as an approved rehabilitation center to receive injured and orphaned Cliff Swallows, which are determined by Caltrans to need care. If Caltrans' biologist

determines that an injured Cliff Swallow is in need of rehabilitation or other care, Caltrans will consider transporting the Cliff Swallow to Native Songbird, in consideration of all relevant facts and in conjunction with the other listed facilities.

### Terms Concerning Release of Claims, Modification or Termination of the Agreement, Dismissal of the Action, and Other Matters

12. This Agreement shall not be offered as evidence by any Party in this or any subsequent action, except as necessary to enforce the terms of the Agreement. Nor shall any action taken pursuant to this Agreement be offered as evidence by any Party in this or any subsequent action, except to the extent that such action is a matter of public record. This Agreement is executed solely for the purpose of compromising and settling Plaintiffs' claims in the Subject Litigation. Nothing in this Agreement shall constitute, or be construed to constitute, a precedent in any other context.

13. Upon the execution of this Agreement by all Parties, Plaintiffs release and waive any and all claims, actions, defenses, suits, legal and/or administrative proceedings of any type or nature, whether known or unknown, including but not limited to any challenge under the Administrative Procedure Act ("APA"), NEPA, the Migratory Bird Treaty Act, or any other environmental or other law, arising from or related to: (1) the construction activities and bird mortalities that occurred at the Bridges during the 2013 nesting season which form the basis of the Subject Litigation, including but not limited to the NEPA Re-evaluation for the MSN project, dated December 6, 2013; (2) the use of HSEM on, or removal of nest starts from the Bridges in the 2014 or any subsequent nesting seasons as described herein, so long as those actions are performed in accordance with this Agreement; and (3) any other action taken pursuant to this Agreement; provided, however, that nothing in this Agreement shall preclude any Party from taking appropriate action to enforce this Agreement.

14. Except as set forth in paragraph 13 above, no Party is precluded from filing or pursuing any subsequent action, claim, or remedy as to future actions at the

Bridges. No provision of this Agreement shall operate to, or be construed to, waive any defense to any such future action, or to toll, extend, or reopen any statute of limitations period.

15. Pursuant to Fed. Rule Civ. P. 41, this action will be dismissed with prejudice by Plaintiffs within three (3) days of the execution of this Agreement by all Parties, with the filing of the Dismissal and Stipulation Regarding Jurisdiction, and [Proposed] Order. Any subsequently filed action to enforce the terms of the Agreement will be brought in the United States District Court for the Northern District of California.

16. All Parties shall bear their own attorneys' fees, costs, and expenses for all time and expenses incurred in the Subject Litigation. Except as otherwise provided herein, all Parties also agree to bear their own fees, costs, and expenses for all work related to performance of their respective obligations under this Agreement. Nothing in this Agreement shall preclude a Party from seeking fees, costs, and expenses in connection with any future action to enforce the terms of the Agreement. However, this provision shall not operate as, or be construed as, an acknowledgement of any Party's liability for attorneys' fees, costs, or other expenses in any such future legal action, nor shall this Agreement have any effect on any entitlement or liability for such fees, costs, expenses that may be limited by statute and/or sovereign immunity. This provision has no effect on the liability of the United States for attorneys' fees, costs, or other expenses in any legal actions; any entitlement or liability for such fees, costs, or expenses is limited by statute and sovereign immunity.

17. Any obligations of the United States to expend funds under this Agreement are subject to the availability of appropriations in accordance with the Anti-Deficiency Act, 31 U.S.C. § 1341. This Agreement shall not be construed to require the United States to obligate or pay funds in contravention of said Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

18. Nothing in this Agreement shall have the effect of altering existing federal law or regulations relating to the relationship and dealings between or among the Parties. Nothing in the terms of this Agreement shall be construed to limit or deny the power of the federal government to promulgate or amend regulations.

19. The Parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the Parties. By entering into this Agreement, the Parties do not waive any future claim or defense or immunity except those expressly released in this Agreement.

20. Prior to initiating action to enforce this Agreement, a Party shall provide other Parties notice in writing of the grounds for any contention that there is a breach of the Agreement. If, within thirty days thereafter, the Parties are unable to resolve the matter amongst themselves, a Party may take legal action to enforce the Agreement.

21. This Agreement shall terminate when fully implemented and no outstanding dispute concerning this Agreement or its implementation exists.

22. This Agreement may not be modified except by written agreement of the Parties.

23. Except as otherwise provided in this Agreement, this Agreement shall apply to and be binding upon the Parties, including each of Plaintiffs' individual members, and upon employees, agents, affiliates, subsidiaries, successors, and assigns, and is in no way intended to be an acknowledgement of impropriety, error, or misconduct on behalf of any Party. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to enter into the terms and conditions of this Agreement and to legally bind the Parties to it.

24. This Agreement may be signed in counterparts, and a copy will have the same force and effect as the original.

25.     If notice is required to be given under this Agreement, such notice shall be provided in writing by either regular mail, return receipt requested, or by express courier (*e.g.* Federal Express or DHL) sent to the following addresses:

For Plaintiffs:

Veronica Bowers, Director
Native Songbird Care & Conservation
8050 Elphick Road
Sebastopol, CA 95472
Phone: 707.484.6502
veronica@songbirdhospital.org

Jeff Miller, Conservation Advocate
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Phone: 510.499.9185
jmiller@biologicaldiversity.org

Michael Lynes, Executive Director
Golden Gate Audubon Society
2530 San Pablo Avenue, Suite G
Berkeley, CA 94702
Phone: 510.843.2222
mlynes@goldengateaudubon.org

Susan Kirks, President
Madrone Audubon Society
PO Box 1911
Santa Rosa, CA 95402
Phone: 707.241.5548
susankirks@sbcglobal.net

Barbara Salzman, President
Marin Audubon Society
PO Box 599
Mill Valley, CA 94942
Phone: 415.924.6057
bsalzman@att.net

For Defendants:

California Department of Transportation

Bijan Sartipi
District 4 Director
California Department of Transportation
111 Grand Avenue
Oakland, CA 94612

Melanie Brent
Deputy District Director, Environmental, District 4
California Department of Transportation

111 Grand Avenue
Oakland, CA 94612

Bob Finney
Deputy District Director, Construction, District 4
California Department of Transportation
111 Grand Avenue
Oakland, CA 94612

David Gossage
Deputy Chief Counsel
California Department of Transportation—Legal Division
495 Market Street, Suite 1700
San Francisco, CA 94105

Federal Highway Administration

C/O Chief of the Natural Resources Section
U.S. Department of Justice
Environment and Natural Resources Division

*By First Class Mail:*
P.O. Box 7611
Washington, DC 20044-7611

*By Express Courier:*
601 D Street, NW
Washington, DC 20004

And

Assistant Chief Counsel for Western Legal Services
Office of the Chief Counsel
Federal Highway Administration
Suite 1630
201 Mission Street
San Francisco, California 94105

The attorneys signing below are authorized to enter into this Agreement on behalf of the Party or Parties they represent.

/s/ signature

Daniel Lutz (*pro hac vice*)
Carter Dillard
Animal Legal Defense Fund
170 E. Cotati Ave.
Cotati, CA 94931
Phone: 707.795.2533
dlutz@aldf.org
cdillard@aldf.org

Eric Glitzenstein (*pro hac vice*)
William Eubanks II (*pro hac vice*)
Meyer Glitzenstein & Crystal
1601 Connecticut Ave NW, Suite 700
Washington, DC 20009
eglitzenstein@meyerglitz.com
beubanks@meyerglitz.com

*Attorneys for Plaintiffs*


ROBERT G. DREHER
Acting Associate Attorney General

Jason A. Hill, Esq.
jason.hill2@usdoj.gov
Natural Resources Section
Clifford E. Stevens, Jr., Esq.
clifford.stevens@usdoj.gov
Wildlife and Marine Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Telephone:   (202) 514-1024 (Hill)
             (202) 353-7548 (Stevens)
Facsimile:   (202) 305-0506 (Hill)
             (202) 305-0275 (Stevens)

*Attorneys for Federal Defendants*

*Native Songbird Care and Conservation et. al. v. Foxx et. al.*
*U.S. District Court, No. 2:13-cv-02265 JST*

*Stipulation and Settlement Agreement*

_____     January 16, 2014
RONALD W. BEALS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
LUCILLE Y. BACA, Assistant Chief Counsel (SBN 136282)
JANET WONG (SBN 124272)
STACY LAU (SBN 254507)
595 Market Street, Suite 1700, San Francisco, CA 94105
Telephone: (415) 904-5700, Facsimile: (415) 904-2333
janet_wong@dot.ca.gov

*Attorneys for Defendant MALCOLM DOUGHERTY*